UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
KEYBANK NATIONAL ASSOCIATION, :
: CASE NO. 1:11-CV-02125
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 69]
COUNTRYWIDE HOME LOANS, INC., :
*et al.*, :
:
Defendants. :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this settlement dispute, Defendants Countrywide Home Loans, Inc., Bank of America, N.A., and Bank of America Corp. ("Bank of America") move this Court to reconsider its prior order interpreting when certain types of expenses were "incurred" and subject to reimbursement by Plaintiff KeyBank N.A.[1]

After reaching a settlement that allocated who would bear expenses while the parties wound down their relationship, the parties disagreed who should pay certain expenses during the wind-down. The parties' dispute was a difficult one, and the Court carefully considered a variety of possible dates on which the expenses, particularly the property tax escrow payments, were "incurred." But ultimately, two factors lead the court to conclude that under this settlement agreement Bank of America "incurred" or "bec[ame] liable for or subject to paying the expense" as described in that order.[2]

In the servicing rights purchase and sale agreement, the parties agreed that "under no circumstances shall [KeyBank] be required to reimburse Seller for . . . any Servicing Advances made

---

[1] Doc. 69.
[2] Doc. 66 at 7.

Case No. 1:11-CV-02125
Gwin, J.

or incurred by Seller on or before December 31, 2012."[3]

First, this provision shows that the parties intended to make a clean break on December 31, 2012. And second, this provision shows that the parties contemplated that Bank of America would incur the servicing advances on a different date than when Bank of America made the servicing advance.

Put together, these two considerations caused the Court to conclude that Bank of America "incurred" the expense of making the advance when its contractual obligations to make the payment was triggered, not when the exact amount of the advance was finally known.

In the property tax escrow payment context, Bank of America's contractual obligation to make up any escrow deficiency was triggered when the borrower incurred the obligation to pay the tax regardless of when Bank of America discovered the exact amount it would need to pay.

Accordingly, the Court concluded that in the specific context of the parties' settlement agreement "incurred" had the meaning articulated in the Court's prior order and rejected Bank of America's argument that it did not "incur" the expense until *after* it made the advance.[4]

Bank of America's motion for reconsideration does not persuade the Court that this analysis is wrong.

Bank of America also moves the Court to reconsider its denial of Bank of America's motions to file additional briefing and parole evidence.

At the time the Court issued its ruling, Bank of America had filed a response to the notice

---

[3] Doc. 33-1 at 4.
[4] Doc. 34 at 3, 12.

-2-

Case No. 1:11-CV-02125
Gwin, J.

of the settlement dispute,[5] a surreply in opposition to the notice of the settlement dispute,[6] three versions of the accounting documents that underlie the settlement dispute,[7] and two rounds of position papers on the significance of those accounting statements, including a supplement to one of the papers.[8] If Bank of America wanted to provide this evidence to the Court, it had the opportunity to do so.

At some point, there must be an end to litigation. Bank of America has extensively briefed the case, including receiving leave from the Court to file a surreply in support of its position on the interpretation of the settlement agreement. That is enough.

For these reasons, the Court **DENIES** Bank of America's motion for reconsideration.

IT IS SO ORDERED

Dated: February 28, 2014            s/    *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[5] Doc. 34.
[6] Doc. 44.
[7] Doc. 46; Doc. 54; Doc. 60.
[8] Doc. 48; Doc. 55; Doc. 61.